IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>vs.<br><br>JOSE REYNALDO CHINIROS-RODRIGUEZ,<br><br>                    Defendant. | 4:13-CR-3139<br><br>TENTATIVE FINDINGS |

The Court has received the revised presentence investigation report and addendum in this case. The defendant has filed an objection (filing 99) to the presentence report and a motion for variance (filing 100).

IT IS ORDERED:

1. The Court will consult and follow the Federal Sentencing Guidelines to the extent permitted and required by *United States v. Booker*, 543 U.S. 220 (2005), and subsequent cases. In this regard, the Court gives notice that, unless otherwise ordered, it will:

    (a) give the advisory Guidelines respectful consideration within the context of each individual case and will filter the Guidelines' advice through the 18 U.S.C. § 3553(a) factors, but will not afford the Guidelines any particular or "substantial" weight;

    (b) resolve all factual disputes relevant to sentencing by the greater weight of the evidence and without the aid of a jury;

    (c) impose upon the United States the burden of proof on all Guidelines enhancements;

    (d) impose upon the defendant the burden of proof on all Guidelines mitigators;

    (e) depart from the advisory Guidelines, if appropriate, using pre-*Booker* departure theory; and

    (f)    in cases where a departure using pre-*Booker* departure theory is not warranted, deviate or vary from the Guidelines when there is a principled reason justifying a sentence different than that called for by application of the advisory Guidelines, again without affording the Guidelines any particular or "substantial" weight.

2.    The defendant objects to the presentence report on two grounds. First, he objects to the two-level enhancement for his role in the offense. Filing 101 at 1-2. Second, he objects to the two-level enhancement for use of a minor in the commission of the offense. Filing 101 at 1-2.

    (a)    First, the presentence report applies a two-level enhancement of the defendant's offense level for being an "organizer, leader, manager, or supervisor in any criminal activity." *See* U.S.S.G. § 3B1.1(c). To justify an enhancement under this section, the government must prove that the defendant managed or supervised at least one other participant in the criminal enterprise. *United States v. Hull*, 646 F.3d 583, 587 (8th Cir. 2011); see *United States v. Gamboa*, 701 F.3d 265, 267 (8th Cir. 2012). But this enhancement is construed broadly. *See Gamboa*, 701 F.3d at 267. It may apply even if the management activity was limited to a single transaction, or the defendant only supervised one other individual. *See*, *United States v. Alexander*, 714 F.3d 1085, 1091 (8th Cir. 2013); *Gamboa*, 701 F.3d at 267; *Hull*, 646 F.3d at 587. The Court must consider, among other things, such factors as the exercise of decision-making authority, the nature of participation in the commission of the offense, the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, the degree of participation in planning or organizing the offense, the nature and scope of the illegal activity, and the degree of control and authority exercised over others. *United States v. Henley*, 766 F.3d 893, 916 (8th Cir. 2014); *Alexander*, 714 F.3d at 1091; *see also Gamboa*, 701 F.3d at 267 (citing § 3B1.1, cmt. n.4).

        The defendant claims that he did not play a management role in the criminal activity, because he acted at the direction of his nephew, Benjamin Hernandez. When the defendant objects, it is the government's burden to prove the applicability of an enhancement by a preponderance of the evidence. *See, United States v. Mustafa*, 695 F.3d 860, 862 (8th Cir. 2012); *United States v. Twiggs*, 678 F.3d 671, 674 (8th Cir. 2012); *United States*

*v. Myers*, 481 F.3d 1107, 1109-10 (8th Cir. 2007). Mindful of the principles set forth above, the Court will dispose of this objection based upon the evidence presented at sentencing.

(b) Second, the defendant objects to the two-level enhancement for use or attempted use of "a person less than eighteen years of age to commit the offense or assist in avoiding detection of, or apprehension for, the offense." *See* U.S.S.G. § 3B1.4. The defendant concedes that his codefendant, Eldin Hernandez, was a minor during at least some of the criminal activity in question. But the defendant objects to the enhancement "so far as it only applies if he receives an aggravating role adjustment." Filing 101 at 1. "In other words," the defendant contends, if his objection to the aggravating role enhancement is sustained, "both enhancements are to be removed from the guideline calculation." Filing 101 at 1.

But the defendant cites no authority for his assertion that the two enhancements are codependent. It is possible that the *evidence* supporting each enhancement could overlap. After all, "use" of a minor includes directing, commanding, encouraging, intimidating, recruiting, or soliciting, and for the enhancement to apply, the defendant must affirmatively involve or incorporate the minor into the commission of the offense. *United States v. Jones*, 612 F.3d 1040, 1048 (8th Cir. 2010). So, evidence of a defendant's role in the offense may be pertinent to proving both enhancements.

But that does not mean that legally, they are tied together. It is possible to involve a minor in the commission of a crime without exercising a supervisory or managerial role, and § 3B1.4 will be applied regardless of whether the minor was a partner or a subordinate. *United States v. Murphy*, 254 F.3d 511, 514 n.1 (4th Cir. 2001); *cf.*, *United States v. Shearer*, 479 F.3d 478, 484 (7th Cir. 2007); *United States v. Gonzalez*, 262 F.3d 867, 871 (9th Cir. 2001). Simply put, there is no reason why § 3B1.4 cannot be applied even if the government fails to prove an aggravating role enhancement under § 3B1.1(c). *Murphy*, 254 F.3d at 514 n.1. The Court will, therefore, separately consider whether the government met its burden of proof on this enhancement, and will resolve this issue at sentencing.

3. The defendant has also filed a motion for variance (filing 100). He argues that the Court should vary downward from the Guidelines based on his personal circumstances. Filing 101 at 2-3. And he contends that the Court should vary downward because of policy-based disagreement with the Guidelines for drug trafficking offenses. Filing 101 at 3-4. The Court acknowledges its discretionary authority to substantially vary from a correctly calculated Guidelines range, based exclusively upon the Court's policy disagreement with a particular guideline, if the guideline at issue is not the product of the Sentencing Commission's institutional strengths. *United States v. VandeBrake*, 679 F.3d 1030, 1042-43 (8th Cir. 2012) (citing *Kimbrough v. United States*, 552 U.S. 85, 109 (2007)). But the Court is not required to do so, *see United States v. Battiest*, 553 F.3d 1132, 1137 (8th Cir. 2009), and has not been inclined to do so in the past. The Court will resolve the defendant's motion for variance, on both grounds, at sentencing.

4. Except to the extent, if any, that the Court has sustained an objection, granted a motion, or reserved an issue for later resolution in the preceding paragraph, the parties are notified that the Court's tentative findings are that the presentence report is correct in all respects.

5. If any party wishes to challenge these tentative findings, that party shall, as soon as possible (but in any event no later than three (3) business days before sentencing) file with the Court and serve upon opposing counsel an objection challenging these tentative findings, supported by a brief as to the law and such evidentiary materials as are required, giving due regard to the local rules of practice governing the submission of evidentiary materials. If an evidentiary hearing is requested, such filings should include a statement describing why a hearing is necessary and how long such a hearing would take.

6. Absent timely submission of the information required by the preceding paragraph, the Court's tentative findings may become final and the presentence report may be relied upon by the Court without more.

7. Unless otherwise ordered, any objection challenging these tentative findings shall be resolved at sentencing.

- 5 -

Dated this 16th day of December, 2014.

BY THE COURT:

*John M. Gerrard*

John M. Gerrard
United States District Judge